UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:18-CV-176-JD-MGG ) |
| CARL D. GATHRIGHT, K.G., a minor by Guardian Chirrikka Kirk, C.G., a minor by Guardian Chirrikka Kirk, QUANTREL STEWART, and CHARLES STEWART, III, | ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is a case about the distribution of life insurance proceeds and the allegation that interpleader defendant Carl D. Gathright is disqualified from receiving the death benefit of his deceased wife's life insurance policy because he murdered her. On March 9, 2018, Plaintiff Farmers New World Life Insurance Company filed this interpleader action pursuant to Federal Rule of Civil Procedure 22. Mr. Gathright has not answered the complaint or otherwise defended this action, and the Clerk of Court entered a default against him under Federal Rule of Civil procedure 55(a). Before the Court is a Motion for Default Judgment against Mr. Gathright, brought under Federal Rule of Civil Procedure 55(b) by interpleader defendants K.G. and C.G. For the reasons set forth below, the motion is granted.

**I. BACKGROUND**

Argusta S. Gathright was the owner of and insured under Farmers Policy No. 008215459 (Farmers Policy) in the amount of $250,000. Am. Compl. ¶ 9, ECF No. 4. She named Carl D. Gathright the primary beneficiary of the Farmers Policy, and she named her four surviving

children—K.G., C.G., Quantrel Stewart, and Charles Stewart, III—the contingent beneficiaries. *Id*. ¶¶ 10–11.

Argusta S. Gathright died on April 23, 2017. *Id*. ¶¶ 8, 25. After Ms. Gathright's death, Charles Stewart, III submitted a claim for the proceeds of the Farmers Policy. *Id*. ¶ 12. During its investigation of the claim, Farmers obtained a copy of Ms. Gathright's death certificate, which stated that the cause of death was pending. *Id*. ¶ 13. Farmers learned that Mr. Gathright was charged with the murder of Ms. Gathright, and, at the time the Complaint was filed, the murder charge was pending in the St. Joseph County Superior Court. *Id*. ¶ 15.

In the Complaint filed on March 9, 2018, and the Amended Complaint filed on March 20, 2018, Farmers alleges that, if Mr. Gathright was involved in the death of Ms. Gathright, he may not be entitled to receive benefits under the Farmers Policy based on relevant Indiana statutory and common law, including Indiana Code § 29-1-2-12.1. *Id*. ¶ 16. Farmers further alleges that one or more of the contingent beneficiaries may be entitled to receive benefits under the policy. *Id*. Farmers alleges that it undertook a good faith effort to investigate the claim and to determine to whom to distribute the proceeds if the facts, circumstances, or law were not in dispute. *Id*. ¶ 27. However, because the murder charge was pending at the time, Farmers was unable to determine the proper beneficiary, and Farmers sought to interplead the funds due under the Farmers Policy. *Id*. ¶ 28. On March 22, 2018, the Court granted Farmers' Motion for Leave to Deposit Funds in the Registry of the Court, and Farmers deposited $257,982.50 (Deposited Funds) with the Clerk of Court on April 2, 2018.

On June 6, 2018, the contingent beneficiaries filed a motion for default judgment against Mr. Gathright, and, on July 12, 2018, the Plaintiff filed an agreed motion for the entry of an agreed order that would result in the final resolution of the interpleader complaint with

distribution of the insurance proceeds to the contingent beneficiaries. In a November 13, 2018 Opinion and Order, the Court denied the motion for default judgment because the movants had not shown that Mr. Gathright was properly served with the summons and complaint and because the movants had not certified or otherwise established that Mr. Gathright was not an incompetent person. ECF No. 35. Consequently, the Court denied the motion for the entry of an agreed order distributing the insurance proceeds because the motion was contingent on a default judgment against Mr. Gathright.

On March 14, 2019, a summons was reissued as to Mr. Gathright, and on March 29, 2019, Farmers effectuated service on Mr. Gathright by delivering a copy of the summons and complaint to him at the St. Joseph County Jail. ECF. Nos. 43, 45. On May 17, 2019, Farmers filed an application for clerk's entry of default against Mr. Gathright. ECF No. 49. And, on May 21, 2019, the Clerk of Court entered a Clerk's Entry of Default against Mr. Gathright pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 50.

On May 16, 2019, Carl D. Gathright was convicted of Argusta S. Gathright's murder.

Defendants K.G. and C.G., minor children, represented herein by their legal guardian Chirrikka Kirk, filed the instant motion for default judgment, and the motion was served on Mr. Gathright. The movants attach the Declaration of William Perry, their attorney, which avers that Gathright is neither a minor, incompetent, nor subject to the Servicemembers Civil Relief Act (50 U.S.C. § 3931).

## II. ANALYSIS

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule

55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007).

In this case, Mr. Gathright, who was imprisoned, was properly served with the summons and complaint but has failed to plead or otherwise defend. The Federal Rules of Civil Procedure allow a party to serve a summons on an individual pursuant to the state law governing service in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Indiana Trial Rule 4.3 governs the service of summons upon institutionalized persons:

> Service of summons upon a person who is imprisoned or restrained in an institution shall be made by delivering or mailing a copy of the summons and complaint to the official in charge of the institution. It shall be the duty of said official to immediately deliver the summons and complaint to the person being served and allow him to make provisions for adequate representation by counsel. The official shall indicate upon the return whether the person has received the summons and been allowed an opportunity to retain counsel.

Ind. R. Trial P. 4.3. In this case, Farmers filed a copy of the return of summons showing actual delivery on Mr. Gathright at the St. Joseph County Jail on March 29, 2019, with the return showing that Mr. Gathright was advised by the official who delivered the summons and complaint of his right to retain counsel with respect to this lawsuit. ECF No. 45. The deadline for Mr. Gathright to respond to Farmer's Complaint was April 19, 2019. The entry of default was entered by the Clerk of Court on May 21, 2019, upon motion of the Plaintiff. ECF No. 50.

Accordingly, the Court may now enter a default judgment under Rule 55(b)(2). However, "a default judgment is a harsh sanction," *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir. 1984), and the Court must exercise its discretion in ordering default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A

default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evinced by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

Although default judgment is most commonly sought by a plaintiff, a defendant in an interpleader action may do so as well. *See Am. Nat'l Bank & Tr. Co. of Chi. v. Alps Elec. Co.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002). A party seeking default judgment against another under Rule 55(b)(2) must establish: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the defendant is not in military service such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). *See, e.g.*, *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 841 (S.D. Ill. 2006). The movants have now satisfied all of the requirements. The default was entered on May 21, 2019, on the Plaintiff's interpleader complaint. The Declaration attached to the motion establishes that Mr. Gathright is not a minor, incompetent, or in the military service. And, because Mr. Gathright has not appeared in this proceeding, the notice requirement of Rule 55(b)(2) does not apply.

When a named interpleader defendant fails to answer an interpleader complaint and assert a claim to the *res*, he forfeits any claim of entitlement that he may have asserted. *See Combined Ins. Co. of Am. v. Glass*, No. 14-CV-01458, 2015 WL 996172, at *9 (D. Colo. Mar. 3, 2015) (quoting *Amoco Prod. Co. v. Aspen Grp.*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999)); *Sun Life Assurance Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006). Mr. Gathright, having defaulted by failing to answer or otherwise respond to the Plaintiff's Complaint, has

forfeited any claim he may have had to the Deposited Funds. He has not obtained counsel. He has made no effort to rectify the default or otherwise seek relief from the Court. And, he has not responded to the instant motion for default judgment. Accordingly, the Court finds that default judgment against Mr. Gathright is appropriate. *See, e.g.*, *Protective Life Ins. Co. v. Tinney*, No. 2:14-CV-02251, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (recognizing that the court may enter a default judgment against any defendant who fails to respond to an interpleader complaint).

Finally, in the conclusion of their memorandum, K.G. and C.G. ask for disbursement to them of 50% of the death benefit, plus applicable interest, if any, and termination of this litigation with prejudice. This request is not properly before the Court on this motion. The motion only seeks default judgment against Mr. Gathright, and the memorandum does not set forth a legal or factual basis for the distribution of the death benefit as requested. Nevertheless, the remaining parties are granted leave to renew their agreed motion for entry of an agreed disposition or otherwise seek the distribution of the insurance policy proceeds.

### III. CONCLUSION

Accordingly, the Court GRANTS the motion for default judgment [DE 57].

IT IS THEREFORE ORDERED THAT judgment be entered declaring that interpleader defendant Carl D. Gathright has defaulted in this interpleader action and has thereby waived any claim he had to the proceeds of the Farmers Policy No. 008215459.

SO ORDERED.

ENTERED:  September 12, 2019.

> /s/ JON E. DEGUILIO
> Judge
> United States District Court